Fullerton v. Morse.

| 63 | 541 |
| 162s | 43 |

## John M. Fullerton v. Joseph H. Morse.

1. REPLEVIN—*Parties, Agent of a Mortgagee.*—A person who is appointed by the mortgagee as an agent to take possession of the mortgaged chattels and foreclose the mortgage, can not maintain an action of replevin for such chattels in his own name.

2. STATUTES—*Construction of.*—The language of Sec. 1, Chap. 119,

R. S., entitled "Replevin," providing that whenever any goods or chattels shall have been wrongfully distrained, or otherwise wrongfully taken, or shall be wrongfully detained, an action of replevin may be brought for the recovery of the same by the owner or person entitled to their possession, is declaratory of the common law and intended to distinguish, from the absolute owner, a person having a qualified or special interest, legal or equitable, in the property itself.

**Replevin.**—Appeal from the Circuit Court of DeWitt County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

MOORE & WARNER, attorneys for appellant, contended that, the appellant having been appointed by the mortgagee to foreclose the mortgage and take possession, sell the property, and distribute the proceeds thereof in pursuance of the terms of the mortgage, and the note and mortgage having been delivered to him by the mortgagee for that purpose, he was entitled to the possession of the property in controversy, and can maintain this action in his own name. Sec. 1, Ch. 119, R. S. Ill.; Tyler v. Freeman. 3 Cush. 261; Williams v. West, 2 Ohio St. 83; Johnson v. Carnley, 10 N. Y. (6 Selden), 578; Rich v. Riley, 105 Mass. 306; First Nat'l Bank v. Crocker, 111 Mass. 163; First Nat'l Bank v. Dearborn, 115 Mass. 219; Gordon v. Farrington, 46 Mich. 420; Coats v. Farrington, 46 Mich. 422; Cagill v. Wooldridge, 8 Bax. (Tenn.) 274.

R. A. LEMON, E. J. SWEENEY and GEORGE K. INGHAM, attorneys for appellee.

No one can bring an action for a tort except the person whose right has been interfered with. Dicey on Parties to Actions, 347.

However, when an agent has an interest in the subject-matter of the agency, as when he has a lien on the proceeds of sale, he may sue in his own name. Girard v. Taggart, 5 S. &. R. (Pa.) 27; Minturn v. Main, 7 N. Y. 220; First Nat'l Bank v. Crocker, 111 Mass. 163.

Also, an auctioneer agent, who is responsible to the owner, may have replevin for goods committed to his possession

for the purpose of sale; this being a special property suffi-cient to maintain the action.    Tyler v. Freeman, 3 Cush. 261.

Also, an actual possession of property by an agent, coupled with an equitable interest therein at the time of seiz-ure is sufficient to maintain replevin.   Johnson v. Carnley, 10 N. Y. (6 Selden) 578.

Only one, being a general or special owner of property, can maintain replevin for it.   Williams v. West, 3 Ohio St. 83.

In this State the interest of the mortgagor, before default, may be seized on execution, when the mortgage provides that the mortgagor shall retain possession until the condi-tion is broken.   Beach v. Derby, 19 Ill. 617; Simmons v. Jenkins, 76 Ill. 479.

Mr. Presiding Justice Pleasants delivered the opinion of the Court.

This was an action of replevin brought against appellee, a constable who had levied on the property in controversy, under process against the mortgagor in possession and be-fore condition broken.   By stipulation of the parties it was tried without written pleadings and by the court, without a jury.   The issues were found and judgment given for the defendant.

It appears that after the levy was made, which was a breach of the condition of the mortgagor's right to retain possession as against the mortgagee, and authorized a fore-closure, the plaintiff was appointed by the mortgagee, Mrs. Sarah D. Swayne, a resident of McLean county, to take possession and sell, under the provision of the mortgage, which was, that in case of breach of the conditions it should be lawful for the mortgagee or her "agent or attorney, her heirs, executors or administrators," to take possession of said goods and chattels, to and for the use of said mort-gagee, etc., and that "the exhibition of this mortgage shall be sufficient proof that any person claiming to act for the mortgagee, is duly made, constituted and appointed agent and attorney to do whatever is above authorized."

It is not claimed that appellee wrongfully took the chattels in question. He was a constable *de jure.* His executions were regular, and the mortgagor had such an interest as made them liable to the levy. But appellant exhibited to him the mortgage, and note secured by it, and demanded the goods of him in writing; and it is said that he thereby became " entitled to their possession," so that the refusal to deliver it was a wrongful detention, and he could maintain this action in the *detinet* under the statute—R. S., Chap. 119, Sec. 1. Whether he was shown by the evidence to be so entitled is the only question in the case.

It is substantially conceded that his title was not such as the common law required to maintain the action in his own name. He had never been in possession, even as agent, and therefore was never responsible for it to anybody. He made no claim of property, general or special, or any interest, legal or equitable, in the goods themselves. He testified that " he had no personal interest in the property," nor any more authority as agent than that conferred in the manner and to the extent above stated. That empowered him to foreclose for the benefit of his principals, and in her name— not otherwise. She could not sever her right to foreclose from her interest in the property, and transfer it, naked, to another. But in his written demand and these subsequent steps, he wholly ignored her and proceeded in his own name, and as in his own personal right. He was responsible to her only for the performance of his duty as agent, and interested only in the compensation for his services as such.

We are of opinion that the language of the statute—" or person entitled to their possession"—is declaratory of the common law and intended to distinguish from the absolute owner, a person having a qualified or special interest, legal or equitable, in the property itself. Upon the facts here shown, the judgment was right, and will therefore be affirmed.